Benjamin R. Nagin, Esq.
Michael G. Burke, Esq.
Jon W. Muenz, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300 (tel)
(212) 839-5599 (fax)

*Counsel to Citigroup Inc., Citibank, N.A.*
*and Citibank (South Dakota), N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :
                                                        :    Chapter 7
KIMBERLY BRUCE,                                         :
                                                        :    Case No. 13-22088 (RDD)
                                   Debtor.              :
                                                        :
------------------------------------------------------- x
                                                        :
KIMBERLY BRUCE,                                         :
                                                        :
                      Debtor and                        :    Adv Proc. No. 14-08224 (RDD)
                      Plaintiff on behalf               :
                      of herself and all               :
                      others similarly                 :    **RELIEF IS SOUGHT FROM A**
                      situated,                         :    **UNITED STATES DISTRICT JUDGE**
                                                        :
v.                                                      :
                                                        :
CITIGROUP INC., CITIBANK, N.A.,                         :
and CITIBANK SOUTH DAKOTA), N.A.                        :
                                                        :
                                   Defendants.          :
                                                        :
------------------------------------------------------- x


**DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF THEIR MOTION TO WITHDRAW THE REFERENCE**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ............................................................................................................ 3

ARGUMENT ................................................................................................................. 4

I.    Withdrawal Of The Reference Is Mandatory Because The Resolution Of This Action Will Require Substantial And Material Consideration Of Non-Bankruptcy Federal Statutes ............... 5

    A.    Resolution Of This Action Will Require Substantial And Material Consideration Of The FAA............................................................................................................................... 6

    B.    Resolution Of This Action Also Will Require Substantial And Material Consideration Of The FCRA ............................................................................................................... 8

II.    The "Orion Factors" Support Permissive Withdrawal Of The Reference For Cause Shown ....................................................................................................................... 10

CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Express Co. v. Italian Colors Restaurant,*
    133 S.Ct 2304 (2013).............................................................................7

*Blackburn v. Capital Transaction Group, Inc.*
    2014 WL 923316 (E.D. Tenn. Mar. 10, 2014) .......................................7

*Buckeye Check Cashing, Inc. v. Cardegna,*
    546 U.S. 440 (2006)..............................................................................7

*City of N.Y. v. Exxon Corp.,*
    932 F.2d 1020 (2d. Cir. 1991)....................................................... passim

*CompuCredit Corp. v. Greenwood,*
    132 S.Ct. 665 (2012).............................................................................7

*Doctors Associates, Inc. v. Desai,*
    10-cv-575, 2010 WL 3326726 (D.N.J. Aug. 23, 2010) .........................8

*Haynes v. Chase Bank USA, N.A.,*
    13-ap-08370, 2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014)...................................4, 10

*In re Boston Generating, LLC,*
    No. 10 Civ. 6528 (DLC), 2010 WL 4288171 (S.D.N.Y. Nov. 1, 2010)..................................6

*In re Dana Corp.,*
    379 B.R. 449 (S.D.N.Y. 2007)...............................................................7

*In re McCrory Corp.,*
    160 B.R. 502 (S.D.N.Y. 1993)...............................................................6

*In re Murphy,*
    482 F. App'x 624 (2d Cir. 2012) .........................................................10

*In re Orion Pictures Corp.,*
    4 F.3d 1095 (2d Cir. 1993)....................................................10, 11, 12

*In re Torres,*
    367 B.R. 478 (Bankr. S.D.N.Y. 2007).............................................2, 10

*In re United States Brass Corp.,*
    110 F.3d 1261 (7th Cir. 1997) .............................................................11

*MBNA America Bank, N.A. v. Hill*,
    436 F.3d 104 (2d Cir. 2006).........................................................2, 8, 11

*Mishkin v. Ageloff*,
    220 B.R. 784 (S.D.N.Y. 1998)...............................................................12

*Shugrue v. Air Line Pilots Ass'n, Int'l*,
    922 F.2d 984 (2d Cir. 1990)...................................................6, 7, 8, 10

*United States v. Johns-Manville Corp.*,
    63 B.R. 600 (S.D.N.Y. 1986)....................................................................6

### STATUTES

9 U.S.C. § 16(a)(3)...................................................................................12

11 U.S.C. Sections 101 et seq................................................................4

15 U.S.C. § 1681s-2(a)(8) & (e) .........................................................8, 9

28 U.S.C. § 157(a) ....................................................................................5

28 U.S.C. § 157(d) ...........................................................................passim

28 U.S.C. § 1334......................................................................................5

11 U.S.C. 524(a) ..............................................................................passim

15 U.S.C. § 1681 *et seq*.....................................................................passim

9 U.S.C. § 1 *et seq*...........................................................................passim

Defendants Citigroup Inc. ("Citigroup") and Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank") (collectively, "Citi" or "Defendants"), respectfully submit this memorandum of law in support of their motion, pursuant to 28 U.S.C. § 157(d), for withdrawal of the bankruptcy reference.

## PRELIMINARY STATEMENT

Through a putative nationwide class action now pending by reference before the Honorable Robert D. Drain, United States Bankruptcy Judge, Plaintiff Kimberly Bruce ("Plaintiff" or "Bruce") seeks to establish that Citi violated a bankruptcy court discharge injunction through certain of its alleged credit reporting practices. Citi has moved to compel Plaintiff to arbitrate her claim (Dkt. 5) pursuant to an arbitration provision contained in the documents governing Plaintiff's credit card account. While the motion to compel arbitration is currently scheduled to be heard by Judge Drain on October 6, 2014, the reference to the bankruptcy court should be withdrawn.

Under 28 U.S.C. § 157(d), a district court "shall, on a timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and *other laws of the United States regulating organizations or activities affecting interstate commerce*." 28 U.S.C. § 157(d) (emphasis added). The Second Circuit has concluded that withdrawal is mandatory where, as here, a case would require "significant interpretation" or "substantial and material consideration" of non-bankruptcy federal law. *See*, *e.g*., *City of N.Y. v. Exxon Corp*., 932 F.2d 1020, 1026 (2d. Cir. 1991) (requiring withdrawal where resolution of a proceeding requires "significant interpretation" of non-bankruptcy federal law).

The resolution of Citi's motion to compel arbitration will require substantial and material consideration of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). In opposing Citi's motion to compel arbitration, Plaintiff has argued that arbitration under the FAA is in "severe conflict" with the asserted bankruptcy-related claim. (Dkt. 14 at 6-7). While Plaintiff is wrong and the broad arbitration agreement should be enforced in accordance with applicable law, the court will need to give substantial and material consideration to the FAA to address Plaintiff's assertion of a purported "severe conflict" between the Bankruptcy Code and the FAA. Indeed, the Second Circuit engaged in such a consideration in compelling arbitration of a former debtor's putative class action alleging violation of the automatic stay provision of the Bankruptcy Code. *See MBNA America Bank, N.A. v. Hill*, 436 F.3d 104 (2d Cir. 2006). Even if the arbitration motion is denied (and it should not be), Plaintiff's underlying claim also implicates and will require significant consideration and resolution of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). As Judge Drain recognized in a prior action, "it is hard to see" how bank credit reporting "could be wrongful" with respect to a discharge injunction if information supplied to "the credit report agencies [was] accurate for purposes of the FCRA." *In re Torres*, 367 B.R. 478, 483 n.5 (Bankr. S.D.N.Y. 2007) (RDD). Under these circumstances, withdrawal of the reference is mandatory. *See* 28 U.S.C. § 157(d); *Exxon Corp*., 932 F.2d at 1026.

The Court also should withdraw the reference based upon Plaintiff's blatant forum shopping. Under 28 U.S.C. § 157(d), the Court may withdraw the reference for "cause shown." Good cause for withdrawal exists here. Counsel for Plaintiff apparently believes that Judge Drain is a favorable draw for their claims. To be sure, there is no other conclusion to draw from the intentional selection of four debtors who received discharges from Judge Drain to serve as plaintiffs in putative class actions, as each of their fully administered and closed chapter 7 cases

2

could only be reopened under section 350(b) of the Bankruptcy Code by, and thereafter pending before, Judge Drain. Judges should be assigned, not picked, and Plaintiff's unabashed forum shopping compels withdrawal of the reference.

## **BACKGROUND**

In or about April 2007, Citi issued an ExxonMobil card to Plaintiff. (*See* Declaration of Deborah L. Thompson, ¶ 4, attached hereto as Ex. A to the Declaration of Benjamin R. Nagin ("Nagin Decl.")) The Card Agreement governing Plaintiff's account contains an arbitration agreement that provides, *inter alia*, "all claims" related to Plaintiff's account are subject to arbitration. (Nagin Decl., Ex. B.) In December 2009, the Account was charged off as a result of non-payment. In June 2011, Citi sold the Account to a third-party purchaser and thereafter retained no right of recovery against the Plaintiff. (Nagin Decl, Ex. A ¶ 4.)

Nearly two years later, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (Compl. ¶ 27.) Plaintiff's Schedule F listed Citi as an unsecured creditor with respect to an ExxonMobil-branded credit card account, but stated that the amount of the claim was "$0.00" and that the consideration for the claim was "notice only." (Nagin Decl., Ex. C.) On May 7, 2013, the Bankruptcy Court entered an order discharging Plaintiff's debt. (Compl. ¶ 28.)

On March 12, 2014, Plaintiff moved to reopen her Chapter 7 action for purposes of filing an action against Citi for purported credit reporting conduct in violation of the discharge injunction. (Nagin Decl., Ex. D.) Despite apparently representing "literally hundreds of individuals who have experienced similar" alleged credit reporting issues (Compl. ¶ 34),

3

Plaintiff's counsel also has moved to reopen three other Chapter 7 cases – each before Judge Drain.  *See* Nagin Decl, Exs. E, F, & G.[1]

Plaintiff thereafter filed a putative class action complaint (the "Complaint") in the Bankruptcy Court alleging, *inter alia*, that Citi had a "systemic practice of violating the discharge injunction under Section 524(a)(2) of the Bankruptcy Code, 11 U.S.C. Sections 101 et seq. by selling and attempting to collect discharged debts and by failing to update and correct credit information to credit reporting agencies to show that such debts are no longer due . . ." (Compl. ¶ 1.)  The Complaint's "specific allegations as to Plaintiff" do not include any allegation that Citi acted willfully or took any affirmative act in violation of the discharge injunction. (Compl. ¶¶ 27-30.)  Further, the Complaint does not allege that Citi owned Plaintiff's debt at the time that Plaintiff filed her Chapter 7 petition.

Plaintiff demands a jury trial in the Complaint.  (Compl. at p. 13.)  Citi does not consent to the Bankruptcy Court conducting a jury trial on any issues in the adversary proceeding which ultimately may be determined to be appropriate for a jury trial.  In any event, Plaintiff's claim must be arbitrated.  Citi has moved to compel Plaintiff to arbitrate her claim and to stay this action pending arbitration and a hearing on the motion is scheduled for October 6, 2014.  (*See* Dkt. 5.)

## ARGUMENT

Pursuant to 28 U.S.C. § 1334, district courts have jurisdiction over all civil proceedings "arising under" the Bankruptcy Code, or "arising in" or "related to" cases under the Bankruptcy

---

[1]    Plaintiff's motion to reopen these proceedings was plainly copied from the motion to reopen filed in the *Haynes* case with respect to Chase.  In fact, Plaintiff's counsel, in seeking to replace the word "Chase" with the word "Citibank" throughout its motion, mistakenly referred to "third party pur*Citibank*rs" instead of "third party pur*chase*rs."  (Nagin Decl., Ex. D, ¶ 22.)

4

Code, and a district court may "refer[] to the bankruptcy judges for the district" any or all

bankruptcy cases. 28 U.S.C. § 157(a).  A standing order of this Court, dated January 31, 2012,

automatically refers to the bankruptcy court all title 11 cases and proceedings commenced in the

Southern District of New York.

Despite the automatic referral under the standing order, 28 U.S.C. § 157(d) provides that

the district court either may or must withdraw the reference to the bankruptcy court (referred to

as "permissive" and "mandatory" withdrawal):

> The district court *may* withdraw, in whole or in part, any case or
> proceeding referred [to the bankruptcy court] under this section, on
> its own motion or on timely motion of any party, for cause shown.
> The district court *shall*, on timely motion of a party, so withdraw a
> proceeding if the court determines that resolution of the proceeding
> requires consideration of both title 11 and other laws of the United
> States regulating organizations or activities affecting interstate
> commerce.

28 U.S.C. § 157(d) (emphasis added).

Withdrawal of the reference is mandatory here because "resolution of the proceeding will

require[] consideration of . . . other laws of the United States regulating organizations or

activities affecting interstate commerce."  In addition, as discussed in detail below, withdrawal is

also permissible here for "cause shown," primarily because withdrawal would prevent Plaintiff's

counsel's forum shopping.

**I.      Withdrawal Of The Reference Is Mandatory Because
          The Resolution Of This Action Will Require Substantial
          And Material Consideration Of Non-Bankruptcy Federal Statutes**

The Court should withdraw the reference to the Bankruptcy Court because this action

will require significant interpretation and consideration of the FAA and the FCRA – both non-

bankruptcy federal statutes.  A district court "shall, on a timely motion of a party, so withdraw a

proceeding if the court determines that resolution of the proceeding requires consideration of

both title 11 and *other laws of the United States regulating organizations or activities affecting interstate commerce*." 28 U.S.C. § 157(d) (emphasis added).  The Second Circuit has concluded that withdrawal is mandatory where a case would require "significant interpretation" or "substantial and material consideration" of non-bankruptcy federal law.  *See, e.g., Exxon Corp.*, 932 F.2d at 1026 (requiring withdrawal where resolution of a proceeding requires "significant interpretation" of non-bankruptcy federal law); *Shugrue v. Air Line Pilots Ass'n, Int'l*, 922 F.2d 984, 995 (2d Cir. 1990) (stating withdrawal required if there will be "substantial and material consideration of non-Bankruptcy Code federal statutes."); *see also In re Boston Generating, LLC*, No. 10 Civ. 6528 (DLC), 2010 WL 4288171, at *4 (S.D.N.Y. Nov. 1, 2010) (explaining that withdrawal is required where "substantial and material potential conflicts exist between non-bankruptcy federal laws and Title 11") (emphasis added); *United States v. Johns-Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y. 1986) (mandatory withdrawal appropriate when a case requires assessment of the relationship between Title 11 and non-bankruptcy federal law); *In re McCrory Corp.*, 160 B.R. 502, 505 (S.D.N.Y. 1993) (withdrawal appropriate where provisions of a non-bankruptcy federal statute must be interpreted "in light of a particular set of facts").

Withdrawal of the reference is mandatory in cases that "require 'the bankruptcy court to engage itself in the intricacies' of non-Bankruptcy law, as opposed to 'routine application' of that law."  *In re Dana Corp.*, 379 B.R. 449, 453 (S.D.N.Y. 2007) (quoting *Shugrue*, 922 F.2d at 995).  Mandatory withdrawal does not depend on whether a matter falls within the bankruptcy court's "core" or "non-core" jurisdiction.  *Exxon*, 932 F.2d at 1026.

### A.    Resolution Of This Action Will Require Substantial And Material Consideration Of The FAA

As noted above, Citi has moved to compel Plaintiff to arbitrate her claim pursuant to the FAA.  The FAA "embodies the national policy favoring arbitration and places arbitration

agreements on equal footing with all other contracts." *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *see also Am. Express Co. v. Italian Colors Restaurant*, 133 S.Ct 2304, 2309 (2013) (explaining that courts must "rigorously enforce arbitration agreements according to their terms").  Resolution of Citi's motion will require substantial and material consideration of the FAA, making withdrawal of the reference mandatory.  *See* 28 U.S.C. § 157(d).

Recent Supreme Court decisions have stressed that, absent express congressional command in a statute, a claim under the statute is subject to arbitration.  *See, e.g., Italian Colors*, 133 S.Ct. at 2309 (the FAA mandates the enforcement of agreements to arbitrate "claims that allege a violation of a federal statute, unless the FAA's mandate has been overridden by a contrary congressional command") (internal quotations and citations omitted); *CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665, 673 (2012) (holding that "[b]ecause [a federal act] is silent on whether claims under the Act can proceed in an arbitrable forum, the FAA requires the arbitration agreement to be enforced according to its terms."); *see also Blackburn v. Capital Transaction Group, Inc.* 2014 WL 923316, *4 (E.D. Tenn. Mar. 10, 2014) ("because the Bankruptcy Code is silent on whether claims under the Act can proceed in an arbitrable forum, the FAA also requires the arbitration agreement to be enforced according to its terms, and there is no need to apply an "inherent conflict" test").

In *MBNA America Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006), for example, the Second Circuit concluded that a claim for violation of Section 362(h) was arbitrable after considering the FAA, the Code and the circumstances of the debtor's fully-administered proceeding.  Here, Plaintiff argues that arbitration under the FAA is in "severe conflict" with the asserted bankruptcy-related claim.  (Dkt. 14 at 6-7).  While arbitration is mandatory in

7

accordance with *Italian Colors, Hill*, and other precedent, the court will need to give substantial and material consideration to the FAA to address Plaintiff's argument regarding a purported conflict between the Code and the FAA.  *See generally Shugrue*, 922 F.2d at 995; *see also cf. Doctors Associates, Inc. v. Desai*, 10-cv-575, 2010 WL 3326726 (D.N.J. Aug. 23, 2010) ("substantial and material consideration" of the FAA is "not required [where the defendant] is *not* asking the Court to enforce an arbitration agreement [but] is merely asking the Court to confirm arbitration awards already granted by an arbitrator") (emphasis added).

### B. Resolution Of This Action Also Will Require Substantial And Material Consideration Of The FCRA

Despite its conspicuous absence from the Complaint, the FCRA goes to the heart of Plaintiff's allegations and will require "substantial and material consideration."  Indeed, Citi's credit reporting obligations are defined by the FCRA, which requires that creditors provide "accurate" information to consumer credit reporting agencies.  15 U.S.C. § 1681s-2.  Regulations adopted under the FCRA set forth the "Duties of Furnishers of Information," including the obligation to have reasonable policies and procedures regarding the accuracy and integrity of the information that furnishers provide to credit reporting agencies and the obligation to investigate consumer disputes of that information.  12 C.F.R. §§ 1022.40-1022.43 (adopted pursuant to 15 U.S.C. § 1681s-2(a)(8) & (e)).  Nowhere does the FCRA, or these regulations, require that a bank update credit reports with respect to debt that it no longer owns.  Further, federal agencies[2] tasked with implementing and enforcing the FCRA have stated that they "do not expect that after

---

[2]    These agencies include the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision, the National Credit Union Administration, and the Federal Trade Commission, which adopted the regulations that are now codified at 12 C.F.R. §§ 1022.40-1022.43.  As a result of the Dodd-Frank Act, the Consumer Financial Protection Bureau has assumed the obligation of implementing and enforcing these provisions of the FCRA.

transferring an account to a third party a furnisher would update the current status of the account

beyond providing information to a [credit reporting agency] that the account has been

transferred." *Procedures To Enhance the Accuracy and Integrity of Information Furnished to*

*Consumer Reporting Agencies Under Section 312 of the Fair and Accurate Credit Transactions*

*Act*, 74 Fed. Reg. 31494, 31510 (July 1, 2009) ("FACT Act Procedures").

In this action, Plaintiff takes a position in direct conflict with the FCRA as interpreted by

these federal agencies.  The Complaint alleges that Citi "took no action to correct the records of

the credit reporting agencies that listed [Plaintiff]'s former debt to [Citi] as 'charged off.'"

(Compl. ¶ 29.)  The Complaint further suggests that the information reported was "erroneous."

(*Id.* ¶¶ 15, 19.)  As part of her action, Plaintiff necessarily hopes to impose a post-sale reporting

obligation upon Citi and the court will need to evaluate and determine reporting obligations

under the FCRA.  In the context of a similar claim against Chase Bank, Judge Drain recognized

the significance of the FCRA to resolving such allegations:

> "[A]lthough the Court lacks jurisdiction over Ms. Torres' FCRA
> claim, the FCRA may still be relevant to the plaintiffs' claims
> under section 524(a) of the Bankruptcy Code. For example, if the
> information supplied by Chase to the credit reporting agencies is
> accurate for purposes of the FCRA, it is hard to see how Chase's
> refusal to change it could be wrongful for purposes of section
> 524(a) . . . ."

*In re Torres*, 367 B.R. 478, 483 n.5 (Bankr. S.D.N.Y. 2007); *see also Haynes v. Chase Bank*

*USA, N.A.*, 13-ap-08370, 2014 WL 3608891, *3 (Bankr. S.D.N.Y. July 22, 2014) ("a lender's

compliance with the FCRA is relevant to the factual analysis of a Section 524(a)/105(a) claim . .

. .").

As a lender's compliance with the FCRA will factor significantly into the question of

compliance with a discharge injunction, the court necessarily will need to engage in "substantial

9

and material consideration" and/or a "significant interpretation" of the FCRA.  *See Exxon Corp.*, 932 F.2d at 1026; *Shugrue*, 922 F.2d at 995.  Accordingly, withdrawal of the reference is mandatory.  28 U.S.C. § 157(d).

**II.    The "*Orion* Factors" Support Permissive
Withdrawal Of The Reference For Cause Shown**

The Court also may exercise its "permissive" withdrawal authority under Section 157(d) because there is "cause" to do so.  *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown.").  The Second Circuit in *In re Orion Pictures Corporation* articulated five factors that courts should consider when determining whether cause exists for permissive withdrawal.  Those "*Orion*" factors include: (1) "prevention of forum shopping"; (2) "whether the claim or proceeding is core or non-core"; (3) "uniformity in the administration of bankruptcy law"; (4) "whether the claim is legal or equitable"; and (5) "consideration of efficiency."  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re Murphy*, 482 F. App'x 624, 628 (2d Cir. 2012) (same).

Plaintiff's blatant forum shopping amply supports withdrawal of the reference.  Plaintiff's counsel has sought to bring four purported class actions before the same Judge.  Indeed, forum shopping is the only plausible explanation for why Plaintiff's counsel, who apparently represents "literally hundreds of individuals who have experienced similar" alleged credit reporting issues (Compl. ¶ 34), would seek to reopen bankruptcy cases pending only before a single judge for the purpose of pursuing nationwide class litigation.  Permitting this practice would allow any lawyer with a large docket of bankruptcy clients to place a putative bankruptcy class action with the judge of his or her choice.  As Judge Posner has noted, "[t]he use of the Bankruptcy Code to obtain a favorable forum should not be encouraged."  *In re United States Brass Corp.*, 110 F.3d

1261, 1265 (7th Cir. 1997). That is exactly what Plaintiff's counsel seeks to do here and, for these reasons, the "forum shopping" factor favors withdrawal.

The remaining *Orion* factors either further support withdrawal or are neutral. As an initial matter, whether this action is a "core" proceeding has little relevance to the issue of withdrawal. While courts normally consider whether an action is core or non-core in determining whether to withdraw the reference, the Second Circuit has held that, where a former debtor brings a class action, "she demonstrates that the claim is not integral to her individual bankruptcy proceeding." *See Hill*, 436 F.3d at 110 (explaining further that "[b]y tying her claim to a class of allegedly similarly situated individuals, many of whom are no longer in bankruptcy proceedings, [plaintiff] demonstrates the lack of close connection between the claim and her own underlying bankruptcy case").

Plaintiff, here, seeks to represent a nationwide class of "similarly situated" individuals granted a discharge who, by definition, are no longer in bankruptcy. (Compl. ¶ 1.) Accordingly, even if this action is deemed "core," such designation has little bearing as to whether this action should remain before the Bankruptcy Court. In any event, even in individual actions, the fact that a proceeding is "core" is "not dispositive" on the question of whether withdrawal is appropriate. *See Mishkin v. Ageloff*, 220 B.R. 784, 800 (S.D.N.Y. 1998).

The same analysis applies to the *Orion* factor of "uniformity in the administration of bankruptcy law." *Orion*, 4 F.3d at 1101. As discussed above, this adversary proceeding has a tenuous connection with Plaintiff's bankruptcy case, and the resolution of this action will have far greater implications for uniformity in the administration of non-bankruptcy federal law – specifically, the FCRA – than the bankruptcy law.

Finally, the reference should be withdrawn in the interest of efficiency.  Any decision by the Bankruptcy Court on Citi's motion to compel arbitration will be immediately appealable to this Court.  *See* 9 U.S.C. § 16(a)(3).  It would, therefore, be most efficient for this Court to hear Citi's motion to compel arbitration in the first instance.

**CONCLUSION**

For the foregoing reasons, Citi respectfully requests that this Court withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

Dated: New York, New York
       September 12, 2014

SIDLEY AUSTIN LLP

By:   /s/ Benjamin R. Nagin_____
       Benjamin R. Nagin
       Michael G. Burke
       Jon W. Muenz
       787 Seventh Avenue
       New York, NY 10019
       (212) 839-5300 (tel)
       (212) 839-5599 (fax)

*Counsel to Citigroup Inc., Citibank, N.A.*
*and Citibank (South Dakota), N.A.*