UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>KIMBERLY BRUCE,<br><br>    Debtors. | Case No. 13-22088 (SHL)<br><br>Chapter 7 |
| KIMBERLY BRUCE,<br><br>    Plaintiff, on behalf of herself and all others similarly situated,<br><br>    v.<br><br>CITIGROUP, INC., CITIBANK, N.A., AND CITIBANK (SOUTH DAKOTA), N.A.,<br><br>    Defendants. | Adv. Proc. No. 14-08224 (DSJ) |

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY
ORDER FOR DIRECT APPEAL**

**APPEARANCES:**

**BOIES SCHILLER FLEXNER LLP**
*Counsel for Plaintiff*
30 South Pearl Street, 12th Floor
Albany, NY 12207
By: George F. Carpinello
   Adam R. Shaw
   Jenna C. Smith

**CHARLES JUNTIKKA & ASSOCIATES LLP**
*Counsel for Plaintiff*
247 W. 30th Street, #12
New York, NY 10001
By: Charles Juntikka

**SIDLEY AUSTIN LLP**

*Counsel to Citigroup Inc. and Citibank, N.A., successor in interest to Citibank (South Dakota), Defendants*
247 W. 30th Street, #12
New York, NY 10001
By:    Benjamin R. Nagin
        Eamon P. Joyce
        Jon W. Muenz

**HONORABLE DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

I.    **INTRODUCTION**

        The Court has considered the motion of defendants Citigroup Inc., Citibank, N.A., and Citibank (South Dakota), N.A. (collectively, "Citibank" or "Defendants") to certify the opinion and order entered by this Court on January 26, 2026 in *Bruce v. Citigroup, Inc. (In re Bruce)*, No. 13-22088, 2026 WL 202313, --- B.R. ----, (Bankr. S.D.N.Y. Jan. 26, 2026) (the "Order") [ECF No. 179], for direct appeal to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8006 (the "Motion") [ECF No. 182]. Citibank filed a memorandum of law in support of the Motion (the "Memo") [ECF No. 183]. The Motion concerns this Court's Order which denied Citibank's motion to compel arbitration of Plaintiff Kimberly Bruce's first cause of action for declaratory, monetary, and injunctive relief for an asserted violation of 11 U.S.C. § 524(a)(2), declined to dismiss Plaintiff's first cause of action, and permitted that claim to proceed on a putative class basis. Separately, Defendants filed a notice of appeal with the District Court. *See* ECF No. 184. Plaintiff opposes certification and filed a memorandum of law in opposition to the Motion (the "Opp. Memo") [ECF No. 187].

        "In view of the unsettled nature and novelty of some of the controlling issues," the Court stated in the Order that it "would welcome an application . . . to permit an interlocutory appeal of

2

this ruling." *Bruce*, 2026 WL 202313, at *3. The Court has considered the parties' submissions. This decision assumes familiarity with the Order.

Citibank identifies three issues for certification: (1) the arbitrability of Plaintiff's Section 524(a)(2)-based claim; (2) the viability of a freestanding declaratory judgment claim predicated on that statute; and (3) the propriety of adjudicating such a claim on a class basis. *See* Memo at 3. The Court concludes that certification is warranted and in fact statutorily required with respect to these three issues, each of which is addressed in the Order, and each of which, possibly to varying degrees, presents a substantial and unresolved legal question whose definitive resolution (to the extent Citibank prevails) would save substantial party and Court resources by likely greatly shortening this litigation. The Court addresses each issue in turn after stating the applicable standard.

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 158(d)(2), the bankruptcy court shall certify a direct appeal upon request of a party if it determines that the order at issue (i) involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) involves a question of law requiring resolution of conflicting decisions; or (iii) is one for which an immediate appeal may materially advance the progress of the case. *See* 28 U.S.C. § 158(d)(2)(A). As the Second Circuit has explained, the statute focuses on appeals that raise controlling legal questions, concern matters of public importance, and arise where a prompt ruling may avoid needless litigation. *Weber v. U.S. Trustee*, 484 F.3d 154, 157–58 (2d Cir. 2007). Section 158(d)(2) was intended to facilitate the provision of appellate guidance on unsettled and significant legal questions, particularly in bankruptcy. *Id.* at 158. If any one of the statutory circumstances is

3

present, the bankruptcy court shall make the certification. *See* 28 U.S.C. § 158(d)(2)(B); *In re Gen. Motors Corp.*, 409 B.R. 24, 27 (Bankr. S.D.N.Y. 2009); *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) , 2022 WL 2962948, at *2 (Bankr. S.D.N.Y. Jul. 26, 2022); *In re RML, LLC*, No. 22-10784 (DSJ), 2024 WL 4269896, at *2 (Bankr. S.D.N.Y. Sept. 23, 2024). Thereafter, the party moving for appeal must seek authorization of the direct appeal from the court of appeals, which exercises "discretion to accept or decline the direct appeal." *Weber*, 484 F.3d at 157.

### III.    DISCUSSION

#### A.    Arbitration Issue

The Order concluded that Plaintiff's post-remand complaint presents the question whether a claim for declaratory and related relief based on alleged systemic violations of Section 524(a)(2), without reliance on a contempt proceeding tied to a particular discharge order, is not subject to mandatory arbitration. *Bruce*, 2026 WL 202313, at *10. In doing so, the Court observed that the Second Circuit's prior decision in this case did not squarely address this precise question. In fact, the Second Circuit rejected Plaintiff's assertion that her prior complaint "[had] asserted separate and distinct claims for declaratory relief and damages," *Bruce v. Citigroup Inc.*, 75 F.4th 297, 299 (2d Cir. 2023), and "therefore had no need to decide whether a claim for declaratory, monetary, and restitutionary relief is subject to mandatory arbitration." *Bruce*, 2026 WL 202313, at *9 (citing *Bruce*, 75 F.4th at 306 n.9 ("[W]hether and to what extent relief short of contempt sanctions is available in the case of a discharge violation for which a fair ground of doubt remains is a question for another day.")). Other Second Circuit decisions that have examined claims for violations of Section 524(a) did so in the context of class actions for contempt, as Plaintiff acknowledges. *See* Opp. Memo at 4–5. In *Anderson I*, the Circuit

4

emphasized that the claims before it centered on alleged violations of a discharge injunction and that enforcement of such an order lies within the unique authority of the issuing bankruptcy court. *See Anderson v. Credit One Bank, N.A. ("Anderson I")*, 884 F.3d 382, 390–91 (2d Cir. 2018), *cert. denied,* 586 U.S. 823 (2018). In *Belton*, the Circuit clarified aspects of *Anderson I* but again focused on the contempt remedy tied to the issuing court's order. *See Belton v. GE Cap. Retail Bank (In re Belton)*, 961 F.3d 612, 617–18 (2d Cir. 2020). Although the Second Circuit did not limit "its discussion [of violations of Section 524(a)(2)] to contempt as the exclusive vehicle for such claims," *Bruce*, No. 13-22088, 2026 WL 202313, at *9 (citing *Anderson I*, 884 F.3d at 389), the Circuit did not explicitly extend its non-arbitrability holding to declaratory judgment act claims like the one now pleaded by Plaintiff. *Id.* at *10.

Accordingly, the arbitration issue involves a question of law as to which there is no controlling decision of the Court of Appeals for this Circuit. *See* 28 U.S.C. § 158(d)(2)(A)(i). It also implicates the interaction between the Federal Arbitration Act and core bankruptcy functions, a matter the Circuit has repeatedly deemed significant. *See, e.g.*, *Anderson I*, 884 F.3d at 389–91; *Belton*, 961 F.3d at 617. Citibank's appeal on this issue thus satisfies subsection (i). 28 U.S.C. § 158(d)(2)(A)(i). An immediate appellate determination may also materially advance the progress of this case within the meaning of subsection (iii), given the layered appellate rights available under 9 U.S.C. § 16 and the likelihood of protracted review absent direct certification.

### B. The Declaratory Judgment Issue

The Order further held that Plaintiff may pursue a declaratory judgment claim predicated on Section 524(a)(2) independent of a contempt proceeding. *Bruce*, 2026 WL 202313, at *11. In reaching that conclusion, the Court acknowledged the absence of controlling precedent from the Second Circuit or the Supreme Court directly addressing whether the Declaratory Judgment Act

5

may be invoked to enforce Section 524(a)(2) in the absence of a freestanding private right of action. *Id.* at *12. The Court relied in part on authority from other circuits and analogous case law. *Id.* at *12–13.

Citibank argues that the Order conflicts with decisions such as *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001), *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002), and *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 968 (11th Cir. 2012), which emphasize contempt as the mechanism for enforcing Section 524(a). *See* Memo at 8. Whether those decisions are in true conflict or instead distinguishable was considered by this Court and now is an appropriate matter for appellate review. For present purposes, it is sufficient that the issue presents a question of law on which there is no controlling decision in this Circuit. 28 U.S.C. § 158(d)(2)(A)(i). Decisions allowing declaratory judgment claims to proceed on a class-wide basis by bankruptcy courts in this Circuit, *see, e.g.*, *Anderson v. Credit One Bank, N.A. (In re Anderson) ("Anderson II")*, 668 B.R. 753, 783–86 (Bankr. S.D.N.Y. 2025); *Anderson v. Credit One Bank, N.A. (In re Anderson) ("Anderson III")*, 673 B.R. 535, 553–58 (Bankr. S.D.N.Y. 2025); *Golden v. Nat'l Collegiate Student Loan Trust 2006-4 (NCT 2006) (In re Golden)*, 671 B.R. 544, 628–36 (Bankr. E.D.N.Y. 2025), have yet to adjudicated at the appellate level.

The scope and enforceability of the discharge injunction are integral to the fresh start afforded by the Bankruptcy Code. *See Anderson I*, 884 F.3d at 390. Questions concerning the permissible mechanisms for enforcing Section 524(a)(2) therefore transcend the immediate parties and bear on bankruptcy practice more broadly. The availability of a declaratory judgment action therefore is a matter of public importance within the meaning of subsection (i). 28 U.S.C. § 158(d)(2)(A)(i).

### C. The Class Issue

Finally, the Order permitted the declaratory claim to proceed on a putative class basis. *Bruce*, 2026 WL 202313, at *15. As previously discussed *supra*, the Second Circuit left the issue "for another day" of whether a declaratory claim predicated on Section 524(a)(2), divorced from contempt, may be adjudicated on a class-wide basis. *Bruce*, 75 F.4th at 306 n.9. The absence of controlling authority alone satisfies subsection (i). 28 U.S.C. § 158(d)(2)(A)(i). Citibank contends that this Court's ruling conflicts with the Fifth Circuit's reasoning in *Crocker v. Navient Sols., LLC (In re Crocker)*, 941 F.3d 206, 217 (5th Cir. 2019). Again, as discussed *supra*, this determination is appropriate for resolution by immediate appellate review.

In addition, the propriety of class-wide adjudication of discharge-related claims has substantial implications for the administration of bankruptcy cases nationwide. As the Circuit has recognized, the discharge is the paramount tool used to effectuate the central goal of bankruptcy. *Anderson I*, 884 F.3d at 390. Whether and how alleged violations may be remedied in a collective manner without requiring non-class, individualized lawsuits is therefore a question of public importance. 28 U.S.C. § 158(d)(2)(A)(i).

The Court need not conclude that each of the statutory factors is satisfied as to every issue. *Gen. Motors*, 409 B.R. at 27. It is enough that the Order involves questions of law as to which there is no controlling decision of the Court of Appeals for this Circuit and that those questions are of public importance. *See* 28 U.S.C. § 158(d)(2)(A)(i), (iii). Moreover, the Court believes that certification, if accepted, would save the parties time and resources by avoiding the need for two separate rounds of appellate review. *See* 28 U.S.C. § 158(d)(2)(A)(iii). .

The Court expresses no view as to whether the Second Circuit should authorize the direct appeal. That determination rests with the Circuit. *See* 28 U.S.C. § 158(d)(2)(A); *Weber*, 484 F.3d at 161.

## IV. **CONCLUSION**

For the foregoing reasons, Citi's motion for certification of a direct appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8006 is hereby GRANTED. This Opinion and Order is self-effectuating, meaning that no separate order is required to memorialize and effectuate the Court's ruling. The Clerk of Court is directed to transmit this certification. In light of the Motion's resolution, a hearing that had been noticed for March 9, 2026 is hereby cancelled.

IT IS SO ORDERED.

Dated: New York, New York
March 6, 2026

                                                  *s/ David S. Jones*
                                                  Honorable David S. Jones
                                                  United States Bankruptcy Judge